# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED
JAN 27 2025
PETER A. MOORE, JR, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

| | |
|---|---|
| United States of America<br>v.<br>Edward Nunez<br>a/k/a "Edwin Melvin Nunez"<br>a/k/a "Adrian Xicohtencatl-Gutierrez"<br><br>*Defendant(s)* | Case No. 7:25-mj-1021-JG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  October 22, 2024  in the county of  Pender  in the Eastern District of North Carolina, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a) and (b)(2) | The defendant, an alien, was found in the United States after having previously been denied admission, excluded, deported, and removed from the United States on or about January 28, 2004, at Hidalgo, Texas; on or about July 24, 2007, at Brownsville, Texas; and on or about April 15, 2019, at Del Rio, Texas, subsequent to an aggravated felony conviction, and not having obtained the express consent of the Attorney General, or his successor, the Secretary of Homeland Security, to reapply for admission thereto. |

This criminal complaint is based on these facts:

**Please see attached affidavit.**

☑ Continued on the attached sheet.

EDMUND D THOMAS
Digitally signed by EDMUND D THOMAS
Date: 2025.01.23 12:09:52 -05'00'

*Complainant's signature*

Edmund Thomas, Deportation Officer, ICE
*Printed name and title*

On this day, Edmund Thomas appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this Complaint.

Date: 27 JAN. 2025

*Judge's signature*

City and state:  Raleigh, North Carolina

James E. Gates, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

AFFIDAVIT

1. I, Edmund Thomas, having been duly sworn, do hereby depose and state: I am a Deportation Officer with the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), formerly known as the Immigration and Naturalization Service (INS), assigned to the Wilmington, North Carolina office. I have been employed by ICE over 26 years. My duties routinely include the investigation of violations of the federal criminal statutes concerning immigration offenses, including the reentry of illegal aliens into the United States.

2. This affidavit is submitted as evidence of probable cause supporting the arrest warrant for Edward Nunez, Edward Nunez, a/k/a "Edwin Melvin Nunez," a/k/a "Adrian Xicohtencatl-Gutierrez," (hereinafter "NUNEZ") for reentry by an alien previously removed subsequent to an aggravated felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2). This affidavit does not set forth all information known to your affiant about this case and is being submitted to provide sufficient information to establish probable cause.

3. In the course of this investigation, I have obtained information through law enforcement channels and the official Alien File (A-File) numbered A097 685 055. This file is maintained in the name of Edward Nunez and contains this individual's biographical information, family history, records of encounters with DHS, photographs, and fingerprints. Based on documents from the A-File, I have concluded that it does in fact pertain to the defendant in this matter.

4. The A-File reflects the following information relative to this individual:

   a. NUNEZ is a citizen and national of Mexico.

   b. His date of birth is XXX XX, 1979, and his name is correctly reflected in this affidavit and the complaint to which it is attached.

   c. NUNEZ, on an unknown date and at an unknown place, entered the United States without inspection by an immigration official.

   d. NUNEZ was, on or about August 27, 2003, convicted in the Duplin County Superior Court, North Carolina, and sentenced to 25-39 months' imprisonment for conspiracy to commit robbery with a dangerous weapon, in violation of North Carolina statute (NCGS § 14-87).

   e. NUNEZ was, on or about October 17, 2003, convicted in the Wilson County Superior Court, North Carolina, and sentenced to 6-8 months' imprisonment for possession with intent to sell/distribute marijuana, in violation of North Carolina statute (NCGS § 90-95(A)).

   f. NUNEZ was, on or about December 16, 2003, arrested by ICE/ERO at Raleigh, North Carolina, and served a Final Administrative Removal Order (I-851).

   g. NUNEZ was, on or about January 28, 2004, removed from the United States to Mexico at Hidalgo, Texas, after he was warned of the penalties for reentry.

h. NUNEZ, of his own volition, reentered the United States on an unknown date, at an unknown place, and did so without inspection by an immigration official.

i. NUNEZ was, on or about March 01, 2004, was arrested by U.S. Border Patrol (USBP) in Mobile, Alabama.

j. NUNEZ was, on or about August 25, 2004, convicted and sentenced in the United States District Court, Southern District of Alabama, to 46 months and three years of supervised release for violation of 8 U.S.C. §§ 1326(a) & (b)(1), a felony.

k. NUNEZ was, on or about July 03, 2007, ordered removed by reinstatement of the prior removal order by an immigration official at Cherry Hill, New Jersey.

l. NUNEZ was, on or about July 24, 2007, removed from the United States to Mexico at Brownsville, Texas, after he was warned of the penalties for reentry.

m. NUNEZ, of his own volition, reentered the United States on an unknown date, at an unknown place, and did so without inspection by an immigration official.

n. NUNEZ was, on or about August 29, 2018, arrested by USBP in El Paso, Texas, and served notice of intent/decision to reinstate his prior order of removal.

o. NUNEZ was, on or about April 15, 2019, convicted and sentenced in the United States District Court, Western District of Texas, to time served and one year of supervised release for violation of 8 U.S.C. §§ 1326(a) & (b)(2), an aggravated felony.

p. NUNEZ was, on or about April 15, 2019, removed from the United States to Mexico at Del Rio, Texas, after he was warned of the penalties for reentry.

q. NUNEZ, of his own volition, reentered the United States on an unknown date, at an unknown place, and did so without obtaining the express consent of the Attorney General, or his successor the Secretary of Homeland Security, to reapply for admission.

5. A search of ICE databases confirms that NUNEZ did not seek permission of the United States Attorney General to reenter as required by 8 U.S.C. § 1360(d).

6. On October 22, 2024, NUNEZ was encountered by ICE/ERO in Pender County, North Carolina, after a biometric match pursuant to his arrest on state charges for possession with intent to sell/distribute cocaine, manufacture methamphetamine, possession with intent to sell/distribute methamphetamine, manufacture cocaine, possession of drug paraphernalia, and maintaining a vehicle/dwelling for distribution of a controlled substance.

7. Based on all the foregoing, I, Edmund Thomas, believe that there is probable cause to conclude that NUNEZ is in fact guilty of illegal reentry into the United States by an alien previously removed subsequent to an aggravated felony

conviction in violation of Title 8 U.S.C. § 1326(a) and (b)(2), and respectfully ask that the Court issue a warrant ordering his arrest for such crime.

Further your Affiant sayeth not.

EDMUND D THOMAS
Digitally signed by EDMUND D THOMAS
Date: 2025.01.23 12:10:44 -05'00'

EDMUND THOMAS
Deportation Officer
Immigration & Customs Enforcement

At **2:00** ~~a.m.~~/p.m, on this **27** day of January, 2025, Deportation Officer Edmund Thomas appeared before me via reliable electronic means (to wit: telephone), was placed under oath, and attested to the contents of this affidavit.

JAMES E. GATES
United States Magistrate Judge